# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON DIVISION

| | |
|---|---|
| EURIDIS CASTRO, Individually and as Personal Representatives of the Estate of JULIO CESAR CASTRO PEREZ, Deceased, | CASE NO.: 8:19-cv-00237-HMH |
| Plaintiff, | |
| v. | **DEFENDANTS' ANSWER TO COMPLAINT** |
| BENNY G. SHELTON, individually and doing business as BENNY SHELTON TRUCKING, | **[JURY TRIAL DEMANDED]** |
| Defendants. | |

NOW COME Defendants Benny G. Shelton and Benny G. Shelton d/b/a Benny Shelton Trucking (collectively "Defendants"), by and through the undersigned counsel, and hereby present this Answer to the Complaint and show the Court as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted by this Court; accordingly, the Complaint must be dismissed pursuant to Rule 12(b)(6), FRCP.

### SECOND DEFENSE

At all times relevant to the allegations in the Complaint, Defendants exercised that degree of skill and care required of them by law. Further, these Defendants exercised that degree of skill and care required of them when faced with a sudden emergency created solely by the negligence of Julio Cesar Castro Perez.

### THIRD DEFENSE

The negligence of Julio Cesar Castro Perez was the sole and proximate cause of the incident giving rise to Plaintiff's claims and the Complaint. Any negligence of Defendants,

1

which is expressly denied, was less than that of Julio Cesar Castro Perez. To the extent there is a finding of negligence on the part of Defendants, Plaintiff's claims and damages must be reduced by the degree of negligence attributed to Julio Cesar Castro Perez.

### FOURTH DEFENSE

Plaintiff's claim for punitive damages against Defendants violates their rights as guaranteed under the Constitutions of the United States and the State of South Carolina.

### FIFTH DEFENSE

Plaintiff's claim for punitive damages is limited in amount under South Carolina law. Further, the pleadings and evidence fail to support a claim for such damages.

### SIXTH DEFENSE

There is no causal connection between the actions or inactions of Defendants and the damages alleged by Plaintiff.

### SEVENTH DEFENSE

The injures and damages alleged by Plaintiff were the result of the sole negligence of Julio Cesar Castro Perez; therefore, Plaintiff's claims are barred as matter of law.

### EIGHTH DEFENSE

Defendants reserve the right to assert additional affirmative defenses as may be identified during the course of further investigation or discovery and as permissible by applicable law.

### NINTH DEFENSE

Defendants respond to the numbered allegations in the Complaint as follows:

1. In response to Paragraph 1, Defendants admit a motor vehicle collision occurred on November 18, 2017 on South Carolina Highway 121 in Saluda County, South Carolina. Defendants deny the remaining allegations in Paragraph 1.

8:19-cv-00237-HMH     Date Filed 02/26/19     Entry Number 8     Page 3 of 6

2. In response to Paragraph 2, Defendants admit a motor vehicle collision occurred at approximately 8:03 AM on November 18, 2017 on South Carolina Highway 121 in Saluda County, South Carolina. Defendants deny the remaining allegations in Paragraph 2.

3. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraphs 3, 4 and 5. Therefore, those allegations can neither be admitted nor denied at this time.

4. Defendants deny the allegations in Paragraphs 6 and 7.

5. Defendants admit the allegations in Paragraphs 8, 9, 10 and 11.

6. In response to Paragraph 12, and upon information and belief, Defendants admit to the existence of complete diversity of citizenship of the parties. Defendants deny the remaining allegations in Paragraph 12.

7. Defendants admit the allegations in Paragraph 13.

8. In response to Paragraph 14, Defendants refer to the preceding paragraphs of this Answer and incorporate the same as if fully set forth herein.

9. In response to Paragraph 15, and upon information and belief, Defendants admit Julio Cesar Castro Perez drove a 2009 Honda Civic owned by Euridis Castro at approximately 8:00 AM on November 18, 2017. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 15; therefore those allegations can neither be admitted nor denied at this time.

10. Defendants deny the allegations in Paragraph 16.

11. In response to Paragraph 17, Defendants admit the collision occurred on Highway 121 in Saluda County and that the particular stretch of highway is comprised of two lanes – one northbound and one southbound. Defendants deny the remaining allegations in Paragraph 17.

3

12. Defendants deny the allegations in Paragraph 18.

13. Defendants admit the allegations in Paragraph 19.

14. Upon information and belief, Defendants admit the allegations in Paragraph 20.

15. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 21; therefore, those allegations can neither be admitted or denied at this time.

16. Defendants deny as stated the allegations in Paragraphs 22 and 23.

17. Defendants deny the allegations in Paragraphs 24, 25 and 26.

18. In response to Paragraph 27, Defendants refer to the preceding paragraphs of this Answer and incorporate the same as if fully set forth herein.

19. Defendants admit the allegations in Paragraphs 28 and 29.

20. In response to Paragraph 30, Defendants admit to the existence of certain laws and regulations, that such laws and regulations applied to Defendants, and that Defendants' conduct conformed with the same. Defendants deny all additional or inconsistent allegations in Paragraph 30.

21. Defendants deny the allegations in Paragraphs 31 (including all subparts) and 32.

22. In response to Paragraph 33, and upon information and belief, Defendants admit Julio Cesar Castro Perez passed away with beneficiaries. Defendants deny all remaining allegations in Paragraph 34, including all allegations of negligence, gross negligence, negligence *per se*, carelessness, and willful/wanton acts or omissions attributed to Defendants.

23. Defendants deny the allegations in Paragraphs 34 (including all subparts), 35 and 36.

24. In response to Paragraph 37, Defendants refer to the preceding paragraphs of this Answer and incorporate the same as if fully set forth herein.

25. Defendants admit the allegations in Paragraph 38.

26. In response to Paragraph 39, Defendants refer to the language of 49 CFR § 390.11 and represent that the language of this regulation speaks for itself. Defendants deny all additional or inconsistent allegations in Paragraph 39.

27. Defendants admit the allegations in Paragraph 40.

28. Defendants deny the allegations in Paragraph 41.

29. Paragraph 42 contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the same.

30. Defendants deny the allegations in Paragraph 43.

31. Defendants admit the allegations in Paragraph 44.

32. In response to Paragraph 45, Defendants admit to the existence of certain duties as provided by applicable law. Defendants deny all additional or inconsistent allegations in Paragraph 45.

33. Defendants deny the allegations in Paragraph 46 (including all subparts).

34. Defendants admit the allegations in Paragraph 47.

35. Defendants deny the allegations in Paragraphs 48, 49, 50, 51, 52 and 53.

36. In response to the unnumbered paragraph beginning "WHEREFORE" (including all subparts), Defendants deny Plaintiff's entitlement to all relief sought therein.

37. Defendants deny all allegations not specifically admitted or otherwise responded to in the preceding paragraphs of this Answer.

WHEREFORE, having fully responded to the Complaint, Defendants respectfully request the Court dismiss the lawsuit with prejudice and with all costs taxed against Plaintiff. Defendants further request any additional relief this Court deems just and proper.

This 26th day of February, 2019.

        Respectfully submitted,

        CARLOCK, COPELAND & STAIR, LLP

        By:   *s/D. Gary Lovell, Jr.*
                D. GARY LOVELL, JR.
                Federal Bar No.: 9942

40 Calhoun Street, Suite 400
Charleston, South Carolina 29401-3531    WILLIAM J. FARLEY, III
Ph: 843-727-0307                               Federal Bar No.: 12004
*glovell@carlockcopeland.com*           ***Attorneys for Defendants***
*wfarley@carlockcopeland.com*

6028816v.1