# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ANDERSON DIVISION

| | |
|---|---|
| EURIDIS CASTRO, Individually and as Personal Representatives of the Estate of JULIO CESAR CASTRO PEREZ, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>BENNY G. SHELTON, individually and doing business as BENNY SHELTON TRUCKING<br><br>Defendants. | Civil Action No.: 8:19-cv-00237-HMH<br><br>**ORDER APPROVING WRONGFUL DEATH SETTLEMENT** |

This matter is before the Court on the Petition of Euridis Castro as Personal Representative for the Estate of Julio Cesar Castro. The Petitioner brings this action in her representative capacity and is requesting the Court's approval of a proposed settlement for all of the statutory beneficiaries of Julio Cesar Castro Perez ("Mr. Castro" or the "Decedent") under the provisions of the Wrongful Death Act of South Carolina. All interested parties have been accorded proper notice of the hearing and the issues presented. After carefully considering the verified Petition, the testimony, and the other evidence presented, the Court finds as follows:

## FINDINGS

1.  Petitioner, Euridis Castro, is the duly-appointed Personal Representative of the Estate of Julio Cesar Castro Perez, who is deceased.

2.  On or about November 18, 2017, Julio Cesar Castro Perez ("Mr. Castro" or the "Decedent") was killed in an automobile accident on Newberry Highway near Yarborough Road in Saluda, South Carolina. In the Complaint, Petitioner alleges that the Decedent's death was proximately caused by the negligence of Benny G. Shelton and Benny Shelton Trucking when the

tractor trailer being driven by Mr. Shelton, who was north bound on Newberry Highway, struck the deceased's vehicle in the south bound lane of Newberry Highway.

3. It is the Petitioner's position that the vehicle driven by the deceased (hereinafter "deceased's vehicle") had completed his left turn from Yarborough Road and was fully in the south bound lane of Newberry Highway, when the tractor trailer driven by Benny Shelton swerved into the south bound lanes and struck the deceased vehicle causing his death.

4. Petitioner has employed attorney Melissa Mosier of McWhirter, Bellinger & Associates, P.A. to represent her in presenting claims for wrongful death pursuant to South Carolina law.

5. Defendants have vigorously disputed the Petitioner's allegations of negligence and that any act or omission by Defendants proximately caused the death or injury of Mr. Castro.

6. Lancer Insurance Company provides liability insurance to Benny G. Shelton and Benny Shelton Trucking with liability limits in the amount of One Million Dollars and No Cents ($1,000,000.00). An affidavit regarding the availability of excess or other liability coverage has been executed by Mr. Shelton and no other insurance coverage is available for this incident.

7. A compromise settlement was negotiated between the parties for $975,000, with attorney's fees of $390,000 and litigation of expenses of $16,658.66 were approved by the Petitioner and are accepted as reasonable under the circumstances of this case by this Court. This Court has examined the proposed disbursement of funds is set forth in the Petitioner's Settlement Statement attached to the Petition, and upon inquiry, the Petitioner understands that acceptance of said funds constitutes full and final settlement of all claims against the above-referenced Defendants arising out of or related to the automobile accident which occurred on November 18, 2017.

8.  The Decedent had a surviving wife, Euridis Castro, three minor children, daughter A.C., son S.C., and daughter G.C. and two adult children, living in Guatemala - Brandon David Castro Mendez and Karen Rocio Castro Mendez. Structured settlement funds have been arranged for all three minor children as set forth in the Petition and Exhibit A thereto. This Court hereby approves those proposed structured settlements with guaranteed payouts to the minor children, and by this Order directs payment directly to the respective funds. The Petitioner represents that there are no creditors of the Estate.

9.  The proposed settlement has been negotiated and approved by Petitioner's attorney, and represents nearly the entire policy limit available. Furthermore, Petitioner, as Personal Representative, believes this settlement is just, reasonable, and in the best interest of Mr. Castro's heirs, survivors, beneficiaries, and all persons represented by Petitioner who have an interest in this matter.

10. Because it is believed by all that Mr. Castro died immediately, it is requested and the Court hereby Orders that the entire Settlement Sum be allocated to the wrongful death action. Petitioner has waived any potential survival action that now exists or could have been asserted in this action. However, Petitioner represents to this Court that she is responsible for satisfying any liens against the proceeds of this settlement to the extent any exist and shall be solely responsible for satisfying any such liens from the proceeds of this settlement.

11. Upon approval of the settlement and the satisfaction of all obligations set forth herein, Petitioner requests authority for counsel for Petitioner to disburse the remaining settlement proceeds and that authority is hereby granted. These funds shall be distributed according to the laws of the State of South Carolina, as applicable, unless all persons interested in these net settlement proceeds shall unanimously agree to alter the disbursements otherwise required by law.

12. Petitioner's attorneys, McWhirter, Bellinger & Associates, P.A. will receive attorney's fees in the amount of $390,000 and costs totaling $16,658.66, all of which are identified in the Final Settlement Statement, a copy of which have been examined and approved by this Court. Petitioner believes that the attorneys fee and costs are reasonable under the circumstances of this case and the Court agrees.

13. The Court approves this settlement and Orders that the proceeds as above-referenced, with the exception of the funds being directly issued to Pacific Life & Annuity Services, Inc. for the benefit of the minor children, be deposited into a trust account of McWhirter Bellinger & Associates P.A. and be disbursed as outlined in the Final Settlement Statement, which is an exhibit to the Petition.

14. After payment of the attorney's fees and costs set forth above, any applicable liens, and the amounts inuring to the benefit of the minors, McWhirter Bellinger & Associates shall distribute the wrongful death settlement proceeds to Mr. Castro's statutory beneficiaries. Petitioner is further aware that she is responsible for satisfying any and all claims and liens against the settlement proceeds and shall be solely responsible for satisfying those liens.

15. The Petitioner has carefully considered the facts and circumstances involved herein. Petitioner realizes that she has the right to proceed with the causes of action under the survival and wrongful death statutes in the United States District Court for the District of South Carolina, Anderson Division, with all issues to be determined by a jury. Petitioner realizes that if this settlement is approved, it will forever end the Petitioner's right, as well as end the rights of all persons who can claim by or through her, to collect against the Defendants and/or their insurers, attorneys, heirs, executors, administrators, successors, parent corporations, sister corporations, subsidiaries, employees, officers, directors, agents, assigns, and associated persons and/or entities.

Petitioner is further aware of the uncertainties of litigation and believes that this is an appropriate case for compromised settlement and that the settlement offer, under all circumstances, is fair, equitable and should be accepted.

16.  Petitioner is further aware that once the settlement agreement has been approved by this Court and the settlement proceeds are paid to her in exchange for the final release, that the persons and/or entities paying the settlement proceeds and all those on whose behalf the payment is made, and any other person or entities who could be responsible because of this lawsuit and on whose behalf the settlement proceeds are being paid, shall have no obligation or legal duty to see to the appropriate or proper distribution of the settlement proceeds or to any other obligation to those entitled to receipt of the settlement proceeds for the wrongful death action. Once payment has been made as set forth herein, the obligation of the person/entities making the payment, and those on whose behalf payment is being made, and all those who are responsible for the actions of these persons, is fully and completely discharged in accordance with the release in connection with the actions.

17.  Petitioner understands the above-referenced case will be dismissed with prejudice and she shall be forever barred from bringing any claim against any of the Defendants and/or their insurers, heirs, executors, administrators, successors, parent corporations, sister corporations, subsidiaries, employees, officers, directors, agents, assigns, and associated persons and/or entities regarding the November 18, 2017 death of Julio Castro Perez, including any survival actions that could have been brought.

18.  Petitioner is further ordered to indemnify the above-captioned Defendants from any and all claims related to the disbursement of the Settlement Sum as well as the settlement and resolution of all outstanding liens that could relate or attach to the Settlement Sum

19.     Accordingly, the above-referenced wrongful death claim is hereby dismissed with prejudice.

WHEREFORE, the settlement is approved in accordance with the findings above and the Petitioner's lawsuit in this matter is dismissed with prejudice.

AND IT IS SO ORDERED

*Henry M. Herlong, Jr.*
Senior United States District Judge

August 27, 2019
Greenville, South Carolina